IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIWAN HENDERSON on behalf of himself individually, and ALL OTHERS SIMILARLY SITUATED<br><br>Plaintiffs,<br><br>v.<br><br>ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF<br><br>Defendants. | Civil Action No.<br><br>COLLECTIVE ACTION<br>(JURY TRIAL) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**SUMMARY**

1. ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF does not pay their Manual Laborers overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF fraudulently reduces the amount of hours worked by its Manual Laborers, thereby robbing said employees of pay at time and a half for overtime hours worked. Because these workers are employees under the FLSA, KIWAN HENDERSON, and the other Manual Laborers are entitled to recover unpaid overtime as well as other damages. ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF is a staffing company. Plaintiff provided manual labor in defendant's disaster restoration division. Defendant would send Plaintiff and similarly situated employees to various

locations to perform manual labor. Plaintiff and similarly situated employees would report their hours to defendant, but defendant would not pay them for all of the overtime hours they worked.

2. Defendant ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF has a policy, enforced at all of its locations throughout the United States, denying Manual Laborers in its Disaster Restoration Division compensation for all hours worked above forty (40) per week.

3. Defendant ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF is a foreign corporation with locations throughout Texas and the United States. ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF may be served with process through its Registered Agent, Capital Corporate Services Inc., located at 206 9th Street, Suite 1300, Austin, Texas 78701-4411.

4. Whenever in this complaint it is alleged that the named Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

5. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

6. To be clear, this complaint and the allegations contained herein are of the conduct of Defendant ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF who maintained a uniform pay policy denying overtime wages to its Manual Laborers throughout the state of Texas and the United States.

7. Defendant ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF is a staffing company that hired Plaintiff and issued his paychecks.

8. Putative class members are all similarly situated Manual Laborers hired by ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF who were not paid time and a half for all hours worked above forty (40) per week.

### JURISDICTION AND VENUE

9. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10. Venue is proper because defendants have locations in the Southern District of Texas and many of the relevant facts occurred there.

### PARTIES

11. KIWAN HENDERSON worked for ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF as a Manual Laborer. His written consent is attached.

12. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA. Defendant is therefore obligated to pay its non-exempt employees overtime under the FLSA.

13. The "FLSA Class Members" are all Manual Laborers who were hired by ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF and worked in its Disaster Restoration Division at all locations throughout the United States, while not being paid time and a half for overtime hours worked in the last 3 years.

### FACTS

14. KIWAN HENDERSON was an employee of ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF.

15. KIWAN HENDERSON was not an independent contractor.

16. No exemption to the provisions of the FLSA excused defendant from its obligation under the FLSA to pay KIWAN HENDERSON time and a half for the hours worked past forty (40) each week while employed by defendant.

17. Plaintiff reports the hours he works for ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF, but defendant does not pay Plaintiff time and a half, for all of the hours he works above forty (40) per week.

18. KIWAN HENDERSON began his employment with Defendant in August of 2016 and is currently employed by Defendant as a Manual Laborer.

19. Plaintiff's job duties consist of supervising employees, demolition work, gutting, cleaning and debris removal for Defendant's Disaster Restoration Division.

20. The work performed by Plaintiff was the primary type of work that Defendant provides for its customers.

21. The work performed by Plaintiff was an essential part of the services provided for Defendant's Customers.

22. ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF's Manual Laborers relied on Defendant for their work.

23. ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF determined where its Manual Laborers worked and how they performed their duties.

24. ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF set Manual Laborers' hours and requires them to report to work on time and leave at the end of their scheduled hours.

25. ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF's Manual Laborers at all locations work exclusively for defendant since they work between 10 and 12 hours a day, as a practical matter, they cannot work anywhere else.

26. Manual Laborers are not permitted to hire other workers to perform their jobs for them.

27. The Manual Laborers do not employ staff, nor do they maintain independent places of business.

28. Manual Laborers employed by defendant are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF each day.

29. The Manual Laborers employed by Defendant cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF.

30. ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF pays Manual Laborers in return for their labor.

31. ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF deducted taxes from the paychecks of Plaintiff and similarly situated employees.

32. Plaintiff and similarly situated employees wear a uniform provided by Defendant.

33. ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF keeps records of the hours it instructed its Manual Laborers to work. It also keeps records of the amount of pay plaintiffs and putative class members receive. Plaintiffs and putative class members were paid directly via pay check.

34. Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendant would not pay them for all of the overtime hours that they worked.

35. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

36. In addition to KIWAN HENDERSON, defendants employed dozens of other Manual Laborers at the locations where Plaintiff worked and at other locations. These employees worked over forty hours per week and were not paid time and a half for all overtime hours worked. These FLSA Class Members performed similar job duties and they were subjected to the same unlawful policies. The FLSA Class Members are similarly situated to KIWAN HENDERSON.

37. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All Manual Laborers hired by ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF who worked in its Disaster Restoration Division throughout the United States while not being paid time and a half for all overtime hours worked in the last three years.**

## CAUSE OF ACTION – VIOLATION OF THE FLSA

38. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF violated the FLSA.

39. ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

40. ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

41. ONE SOURCE STAFFING AND LABOR D/B/A CATSTAFF owes Plaintiff and the FLSA Class Members for an amount equal to all unpaid overtime wages as well as liquidated damages.

42. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**PRAYER**

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM
By: /s/ *Taft L. Foley II*
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com

**ATTORNEYS FOR PLAINTIFFS**